IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| MEGAN HARPER, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>MORTGAGE DEPOT, LLC, a Michigan registered company,<br><br>*Defendant.* | Case No.<br><br>CLASS ACTION COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

**CLASS ACTION COMPLAINT**

Plaintiff Megan Harper ("Plaintiff" or "Harper") brings this Class Action Complaint and Demand for Jury Trial against Mortgage Depot, LLC ("Defendant" or "Mortgage Depot") to stop the Defendant from violating the Telephone Consumer Protection Act ("TCPA") by placing unsolicited calls to phone numbers that are registered on the National Do Not Call registry ("DNC"). Plaintiff also seeks injunctive and monetary relief for all persons injured by Defendant's conduct. Plaintiff Harper, for this Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**PARTIES**

1. Plaintiff Harper is a resident of Aurora, Indiana.

2. Defendant Mortgage Depot is a Michigan registered company headquartered in Bingham Farms, Michigan. Defendant Mortgage Depot conducts business throughout this District and nationwide.

## JURISDICTION AND VENUE

3. This Court has Federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant is headquartered in, maintains its principal place of business in, and conducts business from this District, including the making of telemarketing calls.

## INTRODUCTION

5. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

7. By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

8. The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

9. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2026 alone, at a rate of 125.2 million calls per day. www.robocallindex.com (last visited February 15, 2026).

10. The FCC also has received an increasing number of complaints about unwanted calls. FCC, Consumer Complaint Data Center, www.fcc.gov/consumer-help-center-data.

11. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

12. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone*

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls

*Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

**COMMON ALLEGATIONS**

13. Mortgage Depot provides mortgage funding solutions to consumers including refinancing.[3]

14. Mortgage Depot places calls to consumers to solicit refinancing solutions.

15. Oftentimes, these unsolicited calls are placed to phone numbers that are registered on the DNC.

16. Mortgage Depot provides leads to its employees:



[4]

---

[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/mortgage-depot-llc/about/
[4] https://www.wayup.com/i-j-Mortgage-Loan-Officer-Mortgage-Depot-Llc-151846373696848/

17. Mortgage Depot directs its employees to call the leads they are given to close sales.

18. According to its Instagram page, Mortgage Depot's CEO provides direction to engage in telemarketing.

19. For example, Karana is shown directing his employees to engage in telemarketing, stating, "I'm going to go through my repeats. ***I'm going to dial hard.*** I'm going to go get a deal:"[5] (emphasis added)



[6]

20. Consumers have posted complaints online about unsolicited telemarketing calls that they received from Mortgage Depot, including:

---

[5] https://www.instagram.com/p/DRVdbSAkfwR/
[6] Id.

**Initial Complaint**

**Date:** 07/23/2025

**Type:** Order Issues

**Status:** Answered

I am filing a complaint due to ongoing and unwanted communication from Mortgage Depot LLC, even after I formally requested to cancel my application and terminate all contact.I initially worked with loan officer [redacted], who continued calling after I told him I was no longer interested. Then [redacted] (team lead) began contacting me, followed by daily emails from [redacted]. Despite direct requests to stop, the outreach continued.Calls are made from constantly changing phone numbers, making them difficult to block. I consider this harassing and unprofessional.I request that Mortgage Depot LLC immediately stop all communication with me, delete my file, and confirm the cancellation of my application. 7

r/FirstTimeHomeBuyer • 2y ago
DynastyDegenerate66

**Is Mortgage Depot Legit?**

Need Advice

They called, and claim they can beat the current rate that I have to close on a home. I looked into it and they have 200 5-star reviews on google, but nothing on Better Business Bureau. Is this a serious red flag or am I over thinking it? 8

21. In response to these calls, Plaintiff Harper brings this case seeking injunctive relief requiring the Defendant to cease from violating the TCPA, as well as an award of statutory damages to the members of the Class and costs.

## PLAINTIFF HARPER'S ALLEGATIONS

22. Plaintiff Harper is the sole subscriber of the cell phone number ending in 8303.

23. Plaintiff Harper registered her cell phone number on the DNC on October 2, 2025.

---

[7] https://www.bbb.org/us/mi/bingham-farms/profile/mortgage-broker/mortgage-depot-llc-0372-90063912/complaints

[8] https://www.reddit.com/r/FirstTimeHomeBuyer/comments/1b7l3me/is_mortgage_depot_legit/?utm_source=chatgpt.com

24. Plaintiff Harper uses her cell phone number for personal use only, as one would use a landline telephone number in a home.

25. Plaintiff Harper uses her cell phone number primarily to communicate with friends and family, and to schedule appointments.

26. Plaintiff Harper's cell phone plan is paid for by Plaintiff herself, not a business, and it is not reimbursed by a business.

27. This phone number is not used in any business or marketing materials.

28. On January 22, 2026 at 3:00 PM, Plaintiff Harper received an unsolicited call to her cell phone from 248-214-4615.

29. This call was not answered.

30. On January 22, 2026 at 3:01 PM, Plaintiff Harper received a 2nd unsolicited call to her cell phone from 248-214-4615.

31. This call was not answered.

32. The caller display showed the name Inaam Bashi:




33. Plaintiff did not recognize the phone number or name, so she looked up the phone number online and found that 248-214-4615 is owned by Joseph Bashar Bashi, a Mortgage Depot employee, as per this NMLS listing:

Joseph Bashar Bashi

NMLS ID: 1863556 | Phone: 248-214-4615 | Fax: Not provided

Other Names ? : Joe Bashi | Prior Other Names ? : None | Prior Legal Names ? : None

Regulatory Actions ? : None posted in NMLS.

Employment

Authorized to Represent ? : Mortgage Depot LLC (2148818) | Engaged in

[+] View Self Reported Employment History

Office Locations ?

| Company | NMLS ID | Type | Street Address | City | State | Zip Code | Start Date |
|---|---|---|---|---|---|---|---|
| Mortgage Depot LLC | 2148818 | Main | 30800 Telegraph Road Suite 2985 | Bingham Farms | MI | 48025 | 01/27/2025 |

[9]

34. On January 30, 2026 at 10:51 AM, Plaintiff Harper received a 3rd unsolicited call to her cell phone from 248-214-4615.

35. When Plaintiff Harper answered this call, an employee identified himself as Joseph with Mortgage Depot.

36. Joseph explained that he was calling to provide refinancing rates and options for a property that Plaintiff Harper owns in Wisconsin.

37. Plaintiff Harper told Joseph that her phone number is registered on the DNC and questioned why she received unsolicited calls from Mortgage Depot.

38. Joseph told Plaintiff Harper that the telephone numbers he calls are not checked against the DNC.

39. Plaintiff Harper ended the call asking Joseph to stop calling her cell phone number.

---

[9] https://www.nmlsconsumeraccess.org/EntityDetails.aspx/INDIVIDUAL/1863556

40. Plaintiff Harper never provided consent to Mortgage Depot to receive any calls to her cell phone number.

41. The unauthorized solicitation telephone calls that Plaintiff received from the Defendant, as alleged herein, have harmed Plaintiff Harper in the form of annoyance, nuisance, and invasion of privacy, and disturbed the use and enjoyment of her phone, in addition to the wear and tear on the phone's hardware (including the phone's battery) and the consumption of memory on the phone.

42. Seeking redress for these injuries, Plaintiff Harper, on behalf of herself and a Class of similarly situated individuals, brings suit under the TCPA.

## CLASS ALLEGATIONS

43. Plaintiff Harper brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Class:

> **Do Not Call Registry Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant Mortgage Depot called more than one time, (2) within any 12-month period, (3) where the person's telephone number had been listed on the National Do Not Call Registry for at least thirty days, (4) for substantially the same reason Defendant called Plaintiff.

44. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which either Defendant or their parents have a controlling interest and their current

or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against the Defendant have been fully and finally adjudicated and/or released. Plaintiff Harper anticipates the need to amend the Class definition following appropriate discovery.

45. **Numerosity and Typicality**: On information and belief, there are hundreds, if not thousands of members of the Class such that joinder of all members is impracticable, and Plaintiff is a member of the Class.

46. **Commonality and Predominance**: There are many questions of law and fact common to the claims of the Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) whether Defendant placed multiple calls within a 12-month period to Plaintiff and other consumers whose telephone numbers were registered with the DNC for at least 30 days of the time of each call;

(b) whether the calls constitute a violation of the TCPA;

(c) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. **Adequate Representation**: Plaintiff Harper will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in class actions. Plaintiff Harper has no interests antagonistic to those of the Class, and the Defendant has no defenses unique to Plaintiff. Plaintiff Harper and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff Harper nor her counsel have any interest adverse to the Class.

48. **Appropriateness**: This class action is also appropriate for certification because the Defendant has acted or refused to act on grounds generally applicable to the Class and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff Harper. Additionally, the damages suffered by individual members of the Class will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Class to obtain effective relief from Defendant's misconduct on an

individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

**FIRST CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Harper and the Do Not Call Registry Class)**

49. Plaintiff repeats and realleges paragraphs 1-48 of this Complaint and incorporates them by reference herein.

50. The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

51. Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c).

52. Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff Harper and the Do Not Call Registry Class members who registered their respective

telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

53. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff Harper and the Do Not Call Registry Class received more than one call in a 12-month period made by or on behalf of the Defendant in violation of 47 C.F.R. § 64.1200, as described above.

54. As a result of Defendant's conduct as alleged herein, Plaintiff Harper and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

55. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages and costs;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity that is done without proper consent, and to otherwise protect the interests of the Class; and

e) Such further and other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Harper requests a jury trial.

**MEGAN HARPER**, individually and on behalf of all others similarly situated,

DATED this 18th day of February, 2026.

By: /s/ *Stefan Coleman*
Stefan Coleman
Coleman PLLC

18117 Biscayne Blvd
Suite 4152
Miami, FL 33160
(877) 333-9427
law@stefancoleman.com

Avi R. Kaufman
kaufman@kaufmanpa.com
KAUFMAN P.A.
237 S Dixie Hwy, Floor 4
Coral Gables, FL 33133
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Class*